OPINION *Page 2 
{¶ 1} Appellant, Eligerr Shon Mosby, III, appeals his felony conviction and sentence on three counts of trafficking in marijuana and two counts of aggravated trafficking in drugs.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 2003, Fredericktown Police Department and Mount Vernon Police Department in Knox County, Ohio, cultivated a confidential informant through the Bureau of Criminal Identification and Investigation (BCII) to address a drug problem in their community. The confidential informant moved to Mount Vernon, Ohio, and made contact with individuals who were involved in the drug trade.
 {¶ 3} The Fredericktown Police Department and Mount Vernon Police Department set up procedures with the confidential informant. Detective Lemley, Detective Jacobs, Chief Day and the confidential informant would meet for a pre-buy meeting at a prearranged location. Detective Jacobs would search the informant's car. Chief Day would search the informant and then tape a transmitter to his chest to obtain audio of each drug deal. Detective Lemley would give the informant the buy money.
 {¶ 4} The informant would then proceed to the location to purchase drugs. Chief Day would conduct surveillance on foot near the location and Detectives Lemley and Jacobs would remain in an unmarked vehicle not far from the buy location monitoring the audio transmitted from the wire the confidential informant was wearing. The confidential informant would buy the drugs and return to the location to meet law enforcement. Detective Lemley took possession of the drugs and put them in an *Page 3 
evidence bag and secured them in the evidence storage. Detective Lemley would also make a recording of the audio and enter it into evidence storage.
 {¶ 5} On August 20, 2003, the confidential informant followed this procedure and went to the buy location. The informant purchased less than 12 (twelve) grams of marijuana from appellant. Similar marijuana buys from appellant were conducted on September 4, 2003 and November 12, 2003.
 {¶ 6} On December 9, 2003, the confidential informant again followed the same procedure and proceeded to the buy location. This time, the informant purchased thirty (30) 20-milligram tablets of Oxycontin from the appellant. The audio transmission malfunctioned on this occasion. When the informant met with law enforcement, he called appellant and thanked him for the sale of the tablets. This conversation was recorded and entered in to evidence by Detective Lemley.
 {¶ 7} On December 11, 2003, the confidential informant followed the above stated procedure and then proceeded to the buy location. The informant purchased fifteen (15) 40-milligram tablets of Oxycontin from the appellant.
 {¶ 8} On January 5, 2004, Detective Lemley transported the drug evidence to the BCII for testing.
 {¶ 9} On February 19, 2004, Detective Lemley picked up the drug evidence at BCII and transported it back to Knox County where it was secured.
 {¶ 10} On May 4, 2004, appellant was indicted by the Knox County Grand Jury of three counts of trafficking in marijuana, in violation of R.C. § 2925.03(A)(1), felonies of the fifth degree, and two counts of aggravated trafficking in drugs, in violation of R.C. § 2925.03(A)(1), felonies of the third degree. *Page 4 
 {¶ 11} On September 27 and 28, 2005, appellant was tried by jury in Knox County, Ohio. The jury found appellant guilty on all counts.
 {¶ 12} The trial court sentenced appellant to a total of three years in prison, with a mandatory operator's license suspension of five years, and $10,000 in fines.
 {¶ 13} Appellant timely filed a notice of appeal and sets forth the following assignments of error for consideration:
 ASSIGNMENTS OF ERROR {¶ 14} "I. THE TRIAL COURT ERRED WHEN IT DENIED THE CRIMINAL RULE 29 MOTION MADE BY MR. MOSBY AT THE CONCLUSION OF THE STATE OF OHIO'S CASE-IN-CHIEF.
 {¶ 15} "II. ERROR BY TRIAL COUNSEL FOR MR. MOSBY RESULTED IN THE EFFECTIVE ASSISTANCE OF COUNSEL AND THEREFORE DENIED MR. MOSBY HIS CONSTITUTIONAL RIGHT FOR THE OPPORTUNITY FOR AN ADEQUATE AND PROPER DEFENSE."
 I. {¶ 16} In his first assignment of error, appellant argues that the trial court committed error when it denied his Crim. R. 29 motion for acquittal because the State failed to prove the bulk amount in Counts Four and Five of the indictment.
 {¶ 17} Crim. R. 29(A) requires a trial court, upon motion of the defendant, to enter a judgment of acquittal of one or more offenses charged in an indictment if the evidence is insufficient to sustain a conviction of the offense or offenses. However, a trial court may not grant an acquittal by authority of Crim. R. 29(A) if the record *Page 5 
demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. On appeal of the denial of a Crim. R. 29(A) motion, the "relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Williams, 74 Ohio St.3d 569, 576, 660 N.E.2d 724,1996-Ohio-91, citing State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 18} Appellant argues that because BCII did not test every tablet of Oxycontin, the State did not sufficiently prove its case as to the bulk amount of the substance in Counts Four and Five of the indictment.
 {¶ 19} In this case, Beverly Wiltshire, a forensic scientist with BCII for approximately 25 years, testified that ". . . . we test a representative sample. And if we get all the same results from that sample, that's the testing we do on it." Tr. at p. 284. According to Ms. Wiltshire, she tested six (6) out of thirty (30) tablets for Count Four of the indictment. Id. at 281. Ms. Wiltshire opined that she felt all the pills were OxyContin based upon the identical pink color of the pills, and their markings, which is OC20, all which were consistent on each pill. Id. at pp. 262-265; 282-285. She has performed, on over one hundred of times, a chemical analysis to determine whether a substance was Oxycontin. Id. at pp. 264-265.
 {¶ 20} Elyse Scholl, also a forensic scientist with BCII, tested the tablets referenced in Count Five of the indictment. Ms. Scholl observed all fifteen (15) tablets were marked identically with an OC40 mark, and were all round and yellow. Id. at 289, 293. Ms. Scholl testified that "I did a representative sample. I did a visual examination *Page 6 
of all of them, and because they had the same markings, I was able to test a representative sample." Id. at 294. Ms. Scholl admits she only tested one tablet on the GC Mass Spec. Id. Ms. Scholl states that "I'm confident that all of those tablets contain oxycodone." Id. at 295.
 {¶ 21} "It is unnecessary to test more than a representative sample of apparently identical items. Indeed if all items were tested it might well deprive a defendant of his right under R.C. 2925.51 (E) to conduct his own tests." State v. Alfarano, Hamilton App. No. C-780523,1979 WL 208763, at 5.
 {¶ 22} Further, the argument that only a sample was tested goes to the weight of the evidence, not its sufficiency. State v. Good, Wayne App. No. 1929, 1984 WL 4788, at 1; and State v. Lemar, Lorain App. No. 3632,1984 WL 5208, at 2.
 {¶ 23} In this case, the testimony of the expert witnesses from BCI constitutes substantial evidence from which the jury could reasonably conclude that the tablets tested were a representative sample of the other tablets. This evidence, if believed, would support a conviction for trafficking in drugs in amount equal to or exceeding the bulk amount as charged in the indictments.
 {¶ 24} Accordingly, appellant's first assignment of error is overruled.
 II. {¶ 25} In his second assignment of error, appellant claims that he was denied the effective assistance of trial counsel.
 {¶ 26} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant *Page 7 
must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different.State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 27} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect.
 {¶ 28} As stated above, this requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998),81 Ohio St.3d 673, 675, 693 N.E.2d 267.
 {¶ 29} First, appellant argues that his trial counsel failed to question Ms. Scholl on the proper basis for determining a representative sample for testing purposes. Appellant acknowledges that his trial counsel questioned Ms. Wiltshire regarding representative sample. This Court cannot conclude that the absence of one line of questioning previously posed to another witness, but not to another, falls below any objective standard of reasonable representation.
 {¶ 30} Second, appellant argues that his trial counsel failed to object to the State's exhibits. Appellant acknowledges that his counsel objected to the attachment of *Page 8 
R.C. § 2925.51 to the BCII reports. Tr. at 298. Appellant also argues that his counsel should have objected to State's exhibit 8 and 10, the OxyContin tablets. A "failure to make objections does not constitute ineffective assistance of counsel per se, as that failure may be justified as a tactical decision." State v. Gumm (1995),73 Ohio St.3d 413, 428, 653 N.E. 2d 253.
 {¶ 31} Finally, appellant argues his counsel was ineffective because the two witnesses used in his defense were felons. Counsel's decisions regarding which witnesses to call and the line of questioning to pursue are debatable strategic and tactical decisions which do not constitute ineffective assistance of counsel.
 {¶ 32} Upon review of the record, we cannot say that appellant's trial counsel was ineffective. Trial counsel made a Crim. R. 29 motion for acquittal, he cross-examined all of the State's witnesses and he called two witnesses on appellant's behalf.
 {¶ 33} Appellant's second assignment of error is overruled.
 {¶ 34} The decision of the Knox County Court of Common Pleas is affirmed.
 Delaney, J. Wise, P.J. and Edwards, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1