OPINION
{¶ 1} On July 11, 2006, the Knox County Grand Jury indicted appellant, Jozn Ocker, on one count of aggravated robbery with a firearm specification in violation of R.C. 2911.01 and R.C. 2941.145. Said charge arose from an incident wherein appellant entered the apartment of Ashli Price, produced a firearm, and robbed Ms. Price of $400.00.
 {¶ 2} A jury trial commenced on April 10, 2007. By judgment entry filed April 23, 2007, the trial court sentenced appellant to four years in prison, plus three years for the firearm specification.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL TO MR. OCKER, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, SECTION 10, ARTICLE I."
 II {¶ 5} "THE DEFENDANT'S CONVICTION ON THE AGGRAVATED ROBBERY CHARGE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 III {¶ 6} "THE DEFENDANT'S CONVICTION ON THE FIREARM SPECIFICATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 3 
 IV {¶ 7} "THE TRIAL COURT ERRED WHEN IT ALLOWED THE CASE TO GO TO THE JURY AT THE COMPLETION OF THE STATE'S CASE-IN-CHIEF."
 I {¶ 8} Appellant claims his trial counsel was ineffective by disclosing to the state a corroborating witness for its case, calling Curtis Hull as a defense witness, failing to request a lesser included offense charge, and failing to file an affidavit of indigency prior to sentencing. We disagree.
 {¶ 9} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 10} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 11} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 12} Appellant argues defense counsel disclosed to the state a corroborating witness for its case, Jodiah Berger, who was present in Ms. Price's apartment during the robbery. Appellant argues that by disclosing Ms. Berger, the state was given another *Page 4 
witness to the robbery that was previously unknown to the state as the state had not disclosed Ms. Berger as a possible witness in its witness list filed February 6, 2007.
 {¶ 13} Pursuant to Crim.R. 16, defense counsel was obligated to respond to the state's request for reciprocal discovery, and did so on April 4, 2007, naming Mr. Hull and appellant as possible witnesses. On April 6, 2007, the state provided in continuing response to discovery Ms. Berger's undated and unsigned statement claiming she was a witness to the incident. Ms. Berger was subpoenaed by the state on the same day.
 {¶ 14} Appellant argues Ms. Berger was disclosed to the state via a telephone call on April 5, 2007, five days prior to the scheduled trial. The record does not support this argument. Ms. Price admitted during trial she did not tell the police that Ms. Berger was present during the incident until "last Thursday" which would have been April 5, 2007. T. at 138. We fail to find that appellant's argument as to Ms. Berger is supported by the record.
 {¶ 15} Mr. Hull testified for the defense, stating he and appellant were "getting high" and the reason for going to Ms. Price's apartment was to "get dope" from Ms. Price. T. at 234-235. Mr. Hull admitted while he was incarcerated, he told the police via a second statement that appellant returned with "a substantial amount of crack and close to a hundred dollars." T. at 238. However, Mr. Hull testified appellant did not return with any money; he just said that because the detective said they found money on appellant and Mr. Hull was just "trying to get out of jail." Id. Mr. Hull also admitted he couldn't remember what was contained in his first statement to the police, and on cross-examination, admitted that whatever was included therein was incorrect. T. at 235, 241. Further on cross-examination, Mr. Hull testified that appellant had a handgun *Page 5 
on the evening in question, but appellant threw it out the window of the vehicle sometime during the evening. T. at 242, 244. On redirect, Mr. Hull admitted to having faulty memory due to smoking crack, and maybe appellant "actually put the gun down in the floorboards." T. at 246.
 {¶ 16} "Counsel's decisions regarding which witnesses to call and the line of questioning to pursue are debatable strategic and tactical decisions which do not constitute ineffective assistance of counsel."State v. Mosby, Knox App. No. 05-CA-33, 2007-Ohio-2542, ¶ 31. This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight."State v. Post (1987), 32 Ohio St.3d 380, 388.
 {¶ 17} Appellant also argues his counsel was deficient in failing to request a lesser included offense charge of robbery. All of the testimony established that appellant had a gun and pointed the gun during the robbery. The evidence did not support the giving of a lesser included offense charge (addressed in Assignments of Error II and III).
 {¶ 18} Lastly, appellant argues his counsel failed to file an affidavit of indigency prior to sentencing requesting a waiver of costs. In State v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905, ¶ 23, the Supreme Court of Ohio held the following:
 {¶ 19} "Costs must be assessed against all defendants. R.C. 2947.23;White, 103 Ohio St.3d 580, 817 N.E.2d 393, at ¶ 8. However, we also held in White that a judge has discretion to waive costs assessed against an indigent defendant. Id. at ¶ 14. Costs are assessed at sentencing and must be included in the sentencing entry. R.C. 2947.23. Therefore, an indigent defendant must move a trial court to waive payment of *Page 6 
costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata."
 {¶ 20} Appellant argues he was denied the opportunity to have this court review this issue because his counsel failed to file an affidavit of indigency and request a waiver of costs. Appellant was able to post a $50,000.00 surety bond and retain private counsel. See, Bond Posted July 3, 2006 and Notice of Substitution of Counsel filed February 1, 2007. We find defense counsel did not err in failing to file an affidavit of indigency.
 {¶ 21} Furthermore, in State v. Clevenger, 114 Ohio St.3d 258, ¶ 7,2007-Ohio-4006, the Supreme Court of Ohio held that an indigent defendant is not without recourse absent a Threatt affidavit "when his indigence prevents him from paying costs." Pursuant to R.C.2947.23(A)(1), a trial court may "properly order community service as a means of payment." Clevenger at ¶ 10. "Defendants who are not indigent at the time of sentencing, and therefore would have no reason to move for the waiver of payment then, have alternative means of satisfying the payment of court costs if they later become indigent." Id.
 {¶ 22} Upon review, we find the issues raised by this assignment are not supported by the record.
 {¶ 23} Assignment of Error I is denied.
 II, III {¶ 24} Appellant claims his conviction on aggravated robbery with a firearm specification was against the manifest weight of the evidence. We disagree. *Page 7 
 {¶ 25} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 26} Appellant was convicted of aggravated robbery in violation of R.C. 2911.01(A)(1) which states the following:
 {¶ 27} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 28} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."
 {¶ 29} Appellant was also convicted of a firearm specification in violation of R.C. 2941.145(A) which states the following:
 {¶ 30} "(A) Imposition of a three-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control *Page 8 
while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."
 {¶ 31} R.C. 2923.11(B)(1) defines "firearm" as "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. `Firearm' includes an unloaded firearm, and any firearm which is inoperable but which can readily be rendered operable." Subsection (B)(2) states, "When determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm."
 {¶ 32} Ms. Price and Ms. Berger both testified that appellant entered the apartment, pointed the gun at them, and threatened them. T. at 139-140, 170-171. Ms. Price testified appellant "cocked the gun back." T. at 140. Ms. Price gave appellant her money ($400.00). T. at 140, 171. Jason Carpenter, an acquaintance of appellant, testified appellant had a gun when he went to Ms. Price's apartment. T. at 107-109.
 {¶ 33} Upon review, we find sufficient facts, if believed by the jury, to convict appellant on aggravated robbery with a firearm specification, and find no manifest miscarriage of justice.
 {¶ 34} Assignments of Error II and III are denied.
 IV {¶ 35} Appellant claims the trial court erred in denying his Crim.R. 29 motion for acquittal. We disagree. *Page 9 
 {¶ 36} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:
 {¶ 37} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 38} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus:
 {¶ 39} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 40} During the state's case-in-chief, both Ms. Price and Ms. Berger testified that appellant robbed Ms. Price at gun point, and that he "cocked" and pointed the weapon at both of them in a threatening manner.
 {¶ 41} Upon review, we find the trial court did not err in denying the Crim.R. 29 motion.
 {¶ 42} Assignment of Error IV is denied. *Page 10 
 {¶ 43} The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed.
 Farmer, J., Hoffman, P.J. and Delaney, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio is affirmed. *Page 1