[Cite as *State v. Clark*, 2011-Ohio-6354.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 11CA8 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| Jerrod Clark, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Filed:  December 7, 2011 |

---

APPEARANCES:

K. Robert Toy, Toy Law Office, Athens, Ohio, for Appellant.

Keller J. Blackburn, Athens County Prosecutor, and Sabrina J. Ennis, Athens County Assistant Prosecutor, Athens, Ohio, for Appellee.

---

Kline, J.:

{¶1}     Jerrod Clark (hereinafter "Clark") appeals the judgment of the Athens County Court of Common Pleas, which denied his application to seal a conviction record.  On appeal, Clark contends that the trial court erred by not holding a hearing on his application.  We disagree.  First, the trial court was not necessarily required to hold a hearing under R.C. 2953.32.  And second, no hearing was necessary because the trial court correctly found that Clark is not a first offender.  Accordingly, we overrule Clark's assignment of error and affirm the judgment of the trial court.

I.

{¶2}     In 2003, Clark was convicted of possession of cocaine.

{¶3}     On May 18, 2009, Clark filed a "Motion for Expungement of Record of Conviction and to Seal Records of Arrest." After the state objected, the trial court ordered Clark to "respond to the State's information that he has two misdemeanor convictions." March 29, 2010 Entry. Clark did not respond, however, and the trial court dismissed his application for expungement.

{¶4}     On November 10, 2010, Clark filed a second "Motion for Expungement of Record of Conviction and to Seal Records of Arrest." In his second motion, Clark addressed his two misdemeanor convictions. As to the first conviction, Clark acknowledged that he was convicted of a minor misdemeanor. Clark noted, however, that a minor misdemeanor is "not considered a subsequent conviction for purposes of expungement." November 10, 2010 Motion for Expungement. As to the second conviction, Clark acknowledged that he was "convicted of a violation of Ohio Revised Code Section 4503.11." Id. But for various reasons, Clark argued that "his conviction under R.C. 4503.11 should not be considered a subsequent conviction for purposes of expungement." Id.

{¶5}     On November 12, 2010, the trial court ordered the Adult Parole Authority to conduct an investigation "and report back to the Court regarding Defendant's eligibility for expungement." November 12, 2010 Order for Investigation.

{¶6}     On January 14, 2011, the state filed its objection to Clark's second motion for expungement. Once again, the state argued that Clark is not a first offender.

{¶7}     The trial court did not (1) set a hearing date or (2) hold a hearing on Clark's second motion for expungement. Instead, the trial court denied his motion in a March 18, 2011 journal entry. As the trial court found, the Adult Parole Authority Expungement

Investigation Report "shows that the Defendant was convicted of the failure to file annual registration in violation of R.C. 4503.11, a first degree misdemeanor [sic], in the Athens County Municipal Court Case No. 2008TRD04823 on July 19, 2008. R.C. 4503.11 is not an exclusion listed under the definition of 'first offender' in R.C. 2953.31.

**{¶8}** "Because the Defendant is not a 'first offender' pursuant to R.C. 2953.31, he is ineligible to have his felony conviction herein expunged. Accordingly, the Court denies his motion." Journal Entry Denying Motion For Expungement.

**{¶9}** Clark appeals and asserts the following assignment of error: I. "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT CONDUCTING A HEARING ON APPELLANT'S APPLICATION FOR EXPUNGEMENT."

II.

**{¶10}** In his sole assignment of error, Clark contends that the trial court erred by not holding a hearing on his motion for expungement.

**{¶11}** "We review a trial court's decision to deny an application to seal a record under an abuse-of-discretion standard." *State v. Wright*, 191 Ohio App.3d 647, 2010-Ohio-6259, at ¶7. The present case, however, requires us to interpret and apply various sections of the Ohio Revised Code. To the extent that we must interpret and apply these statutes, our review is de novo. See *Roberts v. Bolin*, Athens App. No. 09CA44, 2010-Ohio-3783, at ¶20, quoting *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506 ("'When interpreting statutes and their application, an appellate court conducts a *de novo* review, without deference to the trial court's determination.'").

A. R.C. 2953.32

{¶12} Initially, we note that the trial court failed to set a date for Clark's expungement hearing. R.C. 2953.32(B) states that, "[u]pon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application." Usually, "[t]he word 'shall' is * * * interpreted to make the provision in which it is contained mandatory." *State v. Smith*, Stark App. No. 2010-CA-00335, 2011-Ohio-3206, at ¶48. Therefore, the trial court erred because it failed to set a date for Clark's expungement hearing.

{¶13} Even though a trial court must set a date for a hearing, we also find that a trial court is not necessarily required to hold that hearing. We base this finding on the plain language of R.C. 2953.32. Here, "we are forbidden to add a nonexistent provision to the plain language of [a statute]." *State ex rel. Steffen v. Court of Appeals, First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, at ¶26, citing *State ex rel. Lorain v. Stewart*, 119 Ohio St.3d 222, 2008-Ohio-4062, at ¶36; *State v. Hughes*, 86 Ohio St.3d 424, 427, 1999-Ohio-118. And R.C. 2953.32 requires only that a hearing date be set. There is no requirement that a hearing must be held. Under R.C. 2953.32(B), "The prosecutor may object to the granting of the application by filing an objection with the court *prior to the date set for the hearing*. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant." (Emphasis added.) Importantly, the events outlined in R.C. 2953.32(B) transpire *before* the hearing date, and R.C. 2953.32 does not require that a hearing be held *after* the prosecutor objects and the trial court makes its

investigation. Therefore, in our view, R.C. 2953.32 contemplates that a trial court may, without a hearing, deny an application based on (1) the application itself, (2) the prosecutor's objections, and (3) the investigation reports. But, see, *State v. Saltzer* (1984), 14 Ohio App.3d 394, 395 ("[T]he requirement of a hearing is mandatory and each application for expungement must be set for hearing.").

**{¶14}** Accordingly, we find the following: (1) the trial court erred by not setting a hearing date; and (2) the trial court was not necessarily required to hold a hearing.

### B. Clark's Status as a First Offender

**{¶15}** Here, we find (1) that Clark is not a first offender and (2) that the trial court correctly denied his application based on the application itself, the prosecutor's objections, and the investigation reports. Accordingly, the trial court was not required to hold a hearing. And although the trial court erred by not setting a hearing date, that error is harmless. See Crim.R. 52(A).

**{¶16}** "The determination of [Clark's] status as a first-time offender * * * is a question of law subject to an independent review by this court without deference to the trial court's decision." *State v. Derugen* (1996), 110 Ohio App.3d 408, 410. R.C. 2953.31(A) defines a "first offender" as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." Under R.C. 2953.32(A)(1), only first offenders are eligible for expungement.

**{¶17}** Clark is not a first offender because he has a fourth-degree misdemeanor conviction for violating R.C. 4503.11. This conviction does not fall under any of the exceptions contained in R.C. 2953.31(A). In the proceedings below, Clark did not deny

his R.C. 4503.11 conviction. Instead, Clark argued that, "even though Chapter 4503 is not currently listed as an exclusion in R.C. 2953.31, it is substantially similar to those exclusions that are listed and that [Clark's] conviction under R.C. 4503.11 should not be considered a subsequent conviction for purposes of expungement." November 10, 2010 Motion for Expungement of Record of Conviction and to Seal Records of Arrest. However, "'where the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom.'" *Sherwin-Williams Co. v. Dayton Freight Lines, Inc.*, 112 Ohio St.3d 52, 2006-Ohio-6498, at ¶14, quoting *Hubbard v. Canton City School Bd. of Educ.*, 97 Ohio St.3d 451, 2002-Ohio-6718, at ¶14. And here, the language of R.C. 2953.31(A) is clear. The General Assembly determined which violations should not be considered convictions for purposes of expungement, and R.C. 4503.11 does not fall under any of those exceptions. Accordingly, Clark does not qualify as a first offender, and the trial court correctly denied his application based on (1) the application itself, (2) the prosecutor's objections, and (3) the investigation reports. Therefore, the trial court was not required to hold a hearing on Clark's application.

**{¶18}** Clark cites several cases for the proposition that a trial court must hold a hearing under R.C. 2953.32. But we find the present case distinguishable for a number of reasons. Most importantly, Clark conceded his fourth-degree misdemeanor conviction under R.C. 4503.11. As a result, there are *no factual questions* related to Clark's status as a first offender. Furthermore, Clark had the opportunity to present his argument at the trial court level. And finally, the trial court stated why it denied Clark's

application -- because Clark "is not a 'first offender' pursuant to R.C. 2953.31[.]"  Journal Entry Denying Motion For Expungement.

**{¶19}** The cases cited by Clark do not share these similarities.  For example, there were factual questions related to the petitioner's first-offender status in *State v. Woolley* (Mar. 30, 1995), Cuyahoga App. No. 67312.  The *Woolley* petitioner did not concede his prior convictions.  Instead, the petitioner presented "documentation from the Royal Canadian Mounted Police (RCMP) showing it had no record of any criminal conviction relating to defendant."  Id.  There were also factual questions related to the petitioner's first-offender status in *State v. Hagopian* (Sep. 21, 1999), Franklin App. No. 98AP-1572.  As the Tenth District Court of Appeals found, "[W]e cannot determine that a hearing would be futile, as the only item in the record suggesting defendant is not a first offender is the 'objection' the state filed, with no supporting documentation attached."  Id.  Finally, *Wright* features at least two key differences from the present case.  First, in *Wright*, "the record [did] not reflect that the state filed any opposition to Wright's application[.]"  *Wright* at ¶13.  And second, it was not clear "whether [Wright's] presentence investigation was before the trial court when it denied her application."  Id at ¶13, fn. 1.  Therefore, the *Wright* court could not have found that the trial court properly acted upon (1) the petitioner's application, (2) the prosecutor's objections, and (3) the investigation reports.

**{¶20}** Additionally, the trial courts did not indicate why applications were denied in *Wright*, *Hagopian*, and *Woolley*.  See *Wright* at ¶13.  As a result, in those cases, it was unclear how the trial courts resolved the various factual issues.  In the present case, however, Clark conceded his conviction, and the trial court expressly found that Clark is

not a first offender.  Therefore, many of the concerns present in *Wright*, *Hagopian*, and *Woolley* are not present here.

### C. Conclusion

**{¶21}**     In conclusion, because Clark is not a first offender, the trial court correctly denied his application for expungement based on (1) the application itself, (2) the prosecutor's objections, and (3) the investigation reports.  Therefore, the trial court was not required to hold a hearing, and any error related to the hearing date is harmless.

**{¶22}**     Because the trial court did not abuse its discretion, we overrule Clark's assignment of error and affirm the trial court's judgment.

**JUDGMENT AFFIRMED.**

Harsha, P.J., Concurring in Judgment Only:

**{¶23}**     I agree that when an application for expungement admits the existence of a

non-exempt conviction, the trial court need not conduct a hearing to determine the

applicant is not a first offender.  However, I cannot join the opinion's overly broad

conclusion that the court may forgo the need for a hearing based upon the prosecutor's

objections and/or the court's investigative reports.  A myriad of courts have determined

that normally a hearing is required prior to deciding whether to grant an application to

seal the record.  See, *State v. Minch*, Cuyahoga App. No. 87820, 2007-Ohio-158, at

¶12, citing at least ten appellate decisions to that effect.  Even though expungement is a

privilege and not a right, due process requires an opportunity to contest assertions

made by the state and its agents.

## **<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, J.:  Concurs in Judgment and Opinion.
Harsha, P.J..:  Concurs in Judgment Only with Opinion.

For the Court

BY:_____
       Roger L. Kline, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**