[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. J.M.,* Slip Opinion No. 2016-Ohio-2803.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-2803

THE STATE OF OHIO, APPELLANT, *v.* [J.M.], APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. J.M.,* Slip Opinion No. 2016-Ohio-2803.]**

*Criminal law—R.C. 2953.31—Sealing of records—Fourth-degree-misdemeanor conviction under R.C. 4503.11(A) for failing to register motor vehicle counts as conviction when determining eligible-offender status for record-sealing purposes—Court of appeals' judgment reversed and matter remanded to trial court.*

(Nos. 2015-1221—Submitted February 23, 2016—Decided May 4, 2016.)

CERTIFIED by the Court of Appeals for Franklin County, No. 15AP-77, 2015-Ohio-2669.

_____

**FRENCH, J.**

{¶ 1} In this certified-conflict appeal, we address whether a fourth-degree-misdemeanor conviction under R.C. 4503.11(A) for failing to register a motor vehicle must be counted as an offense when determining eligible-offender

status for record-sealing purposes under R.C. 2953.31. R.C. 2953.32(A)(1) allows a sentencing court to seal the record of a case pertaining to an eligible offender's conviction. R.C. 2953.31(A) defines an eligible offender; in doing so, it specifies the number and types of convictions an eligible offender may have. That division excepts many types of convictions from consideration in determining eligibility for record sealing. These exceptions do not, however, include fourth-degree-misdemeanor convictions for violating R.C. 4503.11(A). We therefore hold that a fourth-degree-misdemeanor conviction under R.C. 4503.11(A) for failing to register a motor vehicle counts as a conviction when determining eligible-offender status under R.C. 2953.31(A).

## FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellee, J.M., applied to the Franklin County Court of Common Pleas to seal his 24-year-old third-degree-felony conviction for receiving stolen property. When he applied, J.M. also had a third-degree-misdemeanor conviction for negligent assault and a fourth-degree-misdemeanor conviction for failure to register a motor vehicle under R.C. 4503.11(A). Appellant, the state of Ohio, objected to his application on the ground that he did not qualify as an eligible offender. Specifically, the state argued that J.M.'s fourth-degree-misdemeanor conviction for failure to register a motor vehicle must be counted as a conviction when determining eligibility. According to the state, J.M. therefore had one felony conviction and two misdemeanor convictions for purposes of R.C. 2953.31(A).

{¶ 3} In support of his position, J.M. submitted to the trial court a copy of *In re Mooney*, 10th Dist. Franklin No. 12AP-376, 2012-Ohio-5904. In *Mooney*, the Tenth District held that fourth-degree-misdemeanor convictions for failure to register motor vehicles under R.C. 4503.11(A) did not count as convictions when determining an applicant's eligible-offender status for record-sealing purposes.

2

The trial court later ordered sealed J.M.'s felony conviction for receiving stolen property.

{¶ 4} The state appealed the trial court's judgment to the Tenth District Court of Appeals. In a fractured opinion, the Tenth District affirmed the trial court's judgment ordering J.M.'s record sealed. The Tenth District granted the state's request to certify that the court's decision conflicts with *State v. Clark*, 4th Dist. Athens No. 11CA8, 2011-Ohio-6354. 2015-Ohio-2669 (10th Dist.), ¶ 19.

{¶ 5} We declined to accept the state's discretionary appeal, 143 Ohio St.3d 1481, 2015-Ohio-3958, 38 N.E.3d 902, but we determined that a conflict exists, 143 Ohio St.3d 1476, 2015-Ohio-3958, 38 N.E.3d 899. We ordered the parties to brief one issue:

> "Whether a violation of R.C. 4503.11, concerning failure to register a motor vehicle, a fourth-degree misdemeanor, must be counted as an offense when determining eligible offender status under R.C. 2953.31?"

*Id.*, quoting 2015-Ohio-2669, at ¶ 19.

{¶ 6} For the reasons below, we answer the certified question in the affirmative. Consistent with that conclusion, we reverse the Tenth District's judgment.

## ANALYSIS

{¶ 7} Our primary concern when construing statutes is legislative intent. *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). In determining that intent, we first look to the plain language of the statute. *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 18, citing *Hubbell v. Xenia*, 115 Ohio St.3d

77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 11. When the language is unambiguous and definite, we apply it as written. *Id.*

{¶ 8} The definitions in R.C. 2953.31(A) applicable to J.M. are unambiguous and definite. As relevant here, they provide:

> "Eligible offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. * * *
>
> For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor, for a violation of any section in Chapter 4507., 4510., 4511., 4513., or 4549. of the Revised Code, or for a violation of a municipal ordinance that is substantially similar to any section in those chapters is not a conviction.

R.C. 2953.31(A).

{¶ 9} In deciding whether to grant an application to seal an offender's record, the trial court must first determine whether the applicant is an eligible offender. R.C. 2953.32(C)(1)(a). For offenders like J.M.—who do not have multiple convictions from the same indictment, information or complaint— eligible-offender status is a question of law. *See Clark*, 4th Dist. Athens No. 11CA8, 2011-Ohio-6354, at ¶ 16. We review questions of law de novo. *Ceccarelli v. Levin*, 127 Ohio St.3d 231, 2010-Ohio-5681, 938 N.E.2d 342, ¶ 8.

{¶ 10} To be classified as an eligible offender under R.C. 2953.31(A), an offender must have "not more than one felony conviction, not more than two

misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction." The plain language of R.C. 2953.31(A) does not except from classification as a conviction J.M.'s fourth-degree-misdemeanor conviction for failure to register a motor vehicle under R.C. 4503.11(A).

{¶ 11} In response to the plain language of the statute, J.M. argues in support of the lead opinion of the court of appeals. First, he notes that effective July 1, 2015, convictions for failure to register a motor vehicle under R.C. 4503.11(A) are minor misdemeanors, which do not count as convictions under R.C. 2953.31(A). Second, J.M. notes that the record-sealing statutes are remedial and that we must liberally construe remedial statutes. *See State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622, 716 N.E.2d 204 (1999), citing R.C. 1.11 and *Barker v. State*, 62 Ohio St.2d 35, 42, 402 N.E.2d 550 (1980). In pressing his liberal-construction argument, J.M. contends that violations of R.C. 4503.11 are substantially similar to the administrative traffic offenses that R.C. 2953.31(A) excepts from its definition of conviction. Because we must liberally construe the record-sealing statutes, J.M. reasons that his similar fourth-degree-misdemeanor conviction for failure to register a motor vehicle should not count as a conviction for R.C. 2953.31(A)-eligibility purposes.

{¶ 12} The language of R.C. 2953.31(A) clearly and unambiguously provides that a fourth-degree-misdemeanor conviction for failure to register a motor vehicle under R.C. 4503.11(A) is a conviction for purposes of determining a person's status as an eligible offender. And when a statute's language is clear, we neither interpret it nor construe it. *Risner v. Ohio Dept. of Natural Resources, Ohio Div. of Wildlife*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 12, citing *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus. Instead, we apply the statute as written. *Id.*, citing *Boley v.*

*Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 20.

{¶ 13} It is true that offenders convicted under R.C. 4503.11 on or after July 1, 2015, are guilty only of minor misdemeanors. R.C. 4503.11(D); 2015 Sub.H.B. No. 53. The General Assembly, however, gave no indication that this change should retroactively affect those who were previously convicted and sentenced under an earlier version of the statute.

## CONCLUSION

{¶ 14} Under the plain language of R.C. 2953.31(A), a fourth-degree-misdemeanor conviction for failure to register a motor vehicle counts as a conviction for record-sealing purposes. We therefore answer the certified-conflict question in the affirmative. It follows that J.M. had one felony conviction and more than one misdemeanor conviction. In addition to his failure-to-register conviction, he had a third-degree-felony conviction for receiving stolen property and a third-degree-misdemeanor conviction for negligent assault. For that reason, the Tenth District incorrectly held that J.M. was an eligible offender for record-sealing purposes. Consistent with that conclusion, we reverse the Tenth District's judgment and remand the matter to the trial court for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and KENNEDY, J., concur.

LANZINGER, J., concurs in judgment with an opinion that O'NEILL, J., joins.

PFEIFER and O'DONNELL, JJ., dissent and would dismiss the cause and find that no conflict exists.

_____

**LANZINGER, J., concurring.**

{¶ 15} As we noted in *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980, ¶ 11:

> The sealing of a criminal record, also known as expungement, *see State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 11, is an "act of grace created by the state." *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). It should be granted only when all requirements for eligibility are met, because it is a "privilege, not a right." *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.

{¶ 16} Unfortunately for J.M., at the time of his conviction and sentence for failing to register a motor vehicle in 2013, that offense was a fourth-degree misdemeanor. R.C. 2953.31(A) does not include violations of R.C. 4503.11(A) as exceptions to the prior-conviction rule, and so J.M. is ineligible for sealing of his record.

{¶ 17} Effective July 1, 2015, however, failing to register a motor vehicle is merely a minor misdemeanor, R.C. 4503.11(D), and therefore will not count as a conviction when determining the eligible-offender status of an applicant convicted on or after that date. *See* R.C. 2953.31(A) ("a conviction for a minor misdemeanor * * * is not a conviction").

{¶ 18} I concur in the court's judgment because J.M. has not met the General Assembly's test to be eligible to have his felony conviction expunged.

O'NEILL, J., concurs in the foregoing opinion.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and Michael P. Walton, Assistant Prosecuting Attorney, for appellant.

Yeura R. Venters, Franklin County Public Defender, and David L. Strait, Assistant Public Defender, for appellee.

_____