[Cite as *Wray v. Gahm Properties, Ltd.*, 2018-Ohio-50.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| Jerry Wray, Director, Ohio Department of Transportation, | : | Case No. 16CA3775 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| Gahm Properties, Ltd., et al., | : | |
| Defendants-Appellees. | : | **RELEASED: 01/04/2018** |

<u>APPEARANCES</u>:

Michael DeWine, Ohio Attorney General, and William J. Cole and Marc A. Sigal, Assistant Attorneys General, Columbus, Ohio for appellant.

Michael Braunstein, Clinton P. Stahler, and Matthew L. Strayer, Columbus, Ohio for appellees.

Harsha, J.

{¶1}    The Director, Ohio Department of Transportation (ODOT) appeals the trial court's entry awarding costs and expenses to Gahm Properties, Ltd., in an appropriation action. ODOT notes that a property owner is not entitled to recover costs and expenses unless the property was used for agricultural purposes, and contends there was no evidence of such use here. Gahm Properties argues it presented evidence that it harvested timber, which is an agricultural use of the property, so the trial court properly awarded it costs and expenses.

{¶2}    We find that the plain language of the statute is unambiguous. "Agriculture" is defined to include "timber," which means "growing trees or their wood."

Gahm Properties presented competent, credible evidence that it harvested timber on the property. Thus we affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶3}    ODOT filed a petition to appropriate property owned by Gahm Properties. At trial the parties presented expert witness testimony and appraisal reports concerning the value and use of the property. The parties agreed that the property is zoned agricultural and that the Scioto County Auditor identifies the property as woodland, pasture and tillable land. The property originally had a farmhouse and three large barns that were subsequently removed. Gahm Properties' expert witness, appraiser Richard Vannatta, prepared an appraisal that described the property and improvements stating:

> Natural site improvements consist of various forms of natural growth, such as deciduous trees and herbage. However, for the most part, the owner has harvested the heavily wooded areas.

ODOT's expert witness, appraiser Lance Brown, responded on cross-examination that he was unaware that Gahm Properties harvested and sold timber from the property, but it "doesn't surprise" him. On redirect, Brown was asked, "Is the property used for agricultural purposes?" and he answered, "No."

{¶4}    The jury returned a verdict awarding Gahm Properties $330,419 as compensation for ODOT's taking. Gahm Properties filed a motion for an award of costs and expenses under R.C. 163.21(C)(2). ODOT opposed the motion and requested discovery and an evidentiary hearing. The trial court initially set the matter for a hearing and ordered Gahm Properties to respond to ODOT's discovery requests. However, ODOT later asked the court to convert the hearing to a telephonic status conference to allow it time to complete discovery. The trial court agreed to hold a telephonic status

conference. After the status conference, and without holding an evidentiary hearing, the trial court awarded Gahm Properties costs and expenses totally $32,224. Neither a transcript nor an App.R. 9(C) statement of this telephonic conference is part of the record.

## II. ASSIGNMENT OF ERROR

{¶5}   ODOT designated a sole assignment of error for review:

I. THE TRIAL COURT ERRED IN AWARDING COSTS AND EXPENSES UNDER R.C. 163.21(C)(2). (R. 89.)

## III. LEGAL ANALYSIS

{¶6}   The dispositive issue in this appeal is whether the land appropriated by ODOT from Gahm Properties "is land used for agricultural purposes as defined in [R.C.] 303.01 or 519.01" so to entitle the landowner to costs and expenses, including attorney's and appraisal fees. R.C. 163.21(C)(2).

### A.  Standard of Review

{¶7}   ODOT's contention that the trial court's judgment is erroneous because there is no evidence the property was used for agricultural purposes challenges the manifest weight of the evidence. "We will not reverse a trial court's judgment as against the manifest weight 'if it is supported by some competent, credible evidence.' " *See Hardert v. Neumann*, 4th Dist. Adams No. 13CA977, 2014-Ohio-1770, ¶ 18, quoting *Nolen v. Rase*, 4th Dist. Scioto No. 13CA3536, 2013-Ohio-5680, ¶ 9, citing *Eastley v Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 14. When we review whether a trial court's decision is against the manifest weight of the evidence, we weigh the evidence and all reasonable inferences, consider the credibility of witnesses and

determine whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that we must reverse the judgment. *Martin v. Jones*, 2015-Ohio-3168, 41 N.E.3d 123, ¶ 68 (4th Dist.). We will reverse a judgment as being against the manifest weight of the evidence only in the exceptional case where the evidence weighs heavily against the judgment. *Pinkerton v. Salyers*, 4th Dist. Ross No. 13CA3388, 2015-Ohio-377, ¶ 18.

{¶8}   This case also involves statutory construction, which raises a question of law that we review de novo. *See Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 25, quoting *Lang v. Ohio Dept. of Job & Family Servs.*, 134 Ohio St.3d 296, 2012-Ohio-5366, 982 N.E.2d 636, ¶ 12 (" 'A question of statutory construction presents an issue of law that we determine de novo on appeal' "); *see also Mollette v. Portsmouth City Council,* 179 Ohio App.3d 455, 2008-Ohio-6342, 902 N.E.2d 515, ¶ 20 (4th Dist.), quoting *Covert v. Ohio Aud. of State,* 4th Dist. Scioto No. 05CA3044, 2006-Ohio-2896 at ¶ 18 (" 'Generally, statutory construction is a legal issue that appellate courts review de novo' ").

## B. Statutory Construction

{¶9}   ODOT contends that the statute defining "agriculture" to include "timber" is ambiguous. ODOT argues that "timber" is an undefined term in R.C. 303.01 and R.C. 519.01 (the zoning statutes) and for guidance we should look to R.C. 5713.30 (current agricultural use valuation "CAUV" statute), which defines "land devoted exclusively to agricultural use" as land that is "devoted exclusively to * * * the production for a commercial purpose of timber." ODOT argues that the limited references in the record

"suggest that any clearing or harvesting of trees from Gahm's property was a one-time event, * * * not part of an ongoing commercial or business activity."

**{¶10}** Our primary concern when construing statutes is legislative intent. *State v. Wolfe*, 4th Dist. Pike No. 16CA875, 2017-Ohio-6876, ¶ 16, citing *State v. J.M.,* 148 Ohio St.3d 113, 2016-Ohio-2803, 69 N.E.3d 642. In determining that intent we first look to the plain language of the statute. *Id.* Terms that are undefined by statute are given their plain, common, and ordinary meaning. *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 46, citing R.C. 1.42; *State v. Erskine*, 2015-Ohio-710, 29 N.E.3d 272, ¶ 26 (4th Dist.). When a statute's language is clear and unambiguous, we apply it as written without interpreting or construing it. *Wolfe* at ¶ 16. "It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation." *Wilson v. Lawrence,* 150 Ohio St.3d 368, 2017-Ohio-1410, 81 N.E.3d 1242, ¶ 11 (2017).

**{¶11}** R.C. 163.21(C)(2) provides:

> * * * the court shall enter judgment in favor of the owner for costs and expenses, including attorney's and appraisal fees, that the owner actually incurred only if the property being appropriated is land used for agricultural purposes as defined in section 303.01 or 519.01 of the Revised Code * * * and the final award of compensation is more than one hundred fifty per cent of the agency's good faith offer * * *.

**{¶12}** ODOT concedes that the final award was more than one hundred fifty percent of its offer and that the only dispute is whether the property was "land used for agricultural purposes" as defined in R.C. 303.01 and 519.01, which have identical definitions of "agriculture." Both statutes also include the "marketing of agricultural products" in the definition of "agriculture" and the plain meaning of agriculture includes

"the marketing of the resulting products." *See generally* https://www.merriam-webster.com/dictionary/agriculture.

**{¶13}** Under these statutes, "agriculture" is defined to include "timber," which means "growing trees or their wood." *See generally* https://www.merriam-webster.com/dictionary/timber. Because the plain and ordinary meaning of "timber" is unambiguous, we apply it without interpretation. We do not need guidance from other statutory provisions as ODOT argues. The dispositive test here is whether Gahm Properties used its property for agricultural purposes, i.e., timber, by growing trees or their wood and harvesting them for sale.

**{¶14}** Gahm Properties introduced evidence that it grew trees and harvested them. For example, without objection at trial it introduced an appraisal report that explicitly stated that "the owner [i.e., Gahm Properties] has harvested the heavily wooded areas" of the property. And the director's appraiser testified on cross-examination that it "doesn't surprise" him that Gahm "sold the timber." Although the appraiser later testified in a conclusory fashion on redirect examination that the property was not used for agricultural purposes, the trial court was free to credit his prior testimonial evidence as well as the landowners' appraisal report to conclude that Gahm Properties harvested the heavily wooded area of its property and sold the timber it harvested. *See Wootten v. Culp*, 2017-Ohio-665, 85 N.E.3d 198, ¶ 20 (4th Dist.) (the weight and credibility of the evidence are to be determined by the trier of fact, who is free to believe all, part, or none of any witness's testimony).

**{¶15}** Under these circumstances the trial court's award of costs and expenses to Gahm Properties under R.C. 163.21(C)(2) was not against the manifest weight of the

evidence and was consistent with the plain language of the statute. We overrule

ODOT's assignment of error and affirm the judgment of the trial court.

## IV. CONCLUSION

**{¶16}** Gahm Properties is entitled to the award of costs and expenses under

R.C. 163.21(C)(2) because the record contains competent and credible evidence from

which the trial court could form a firm belief that the property was used for agricultural

purposes, i.e, timber, by growing and harvesting trees or their wood. We affirm the

judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.: Concurs in Judgment and Opinion.
Abele, J.: Dissents.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**