[Cite as *State v. D.H.*, 2018-Ohio-1199.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105995

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# D.H.

### DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-01-416390-ZA

**BEFORE:** Stewart, J., E.T. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 29, 2018

**FOR APPELLANT**

D.H., pro se
Inmate No. 06463-087
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Diane Smilanick
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant D.H., appearing pro se, appeals from the trial court's order denying his motion to seal the record of conviction in Cuyahoga C.P. No. CR-01-416390-ZA. We affirm the decision of the trial court.

{¶2} In the underlying case, D.H. was charged with kidnapping and rape, and subsequently convicted of sexual battery. In a reopened appeal, a panel of this court vacated the conviction because D.H. was not indicted for sexual battery and because sexual battery is not a lesser included offense of rape. *State v. Hutchins*, 8th Dist. Cuyahoga Nos. 81578 and 81579, 2005-Ohio-6094.

{¶3} After the conviction in this case was vacated, D.H. filed a motion with the trial court to seal the record of that conviction. He did so in the form of a "correspondence" to the court while incarcerated in a federal prison in Indiana. In the motion, D.H. asked the court to "expunge the conviction from CR-01-416390 from his criminal background record," complaining that he was "plagued by the conviction still being a part of his record and[/]or criminal background." The court ordered an expungement report and investigation. The court did not hold a hearing on the motion, denying it on the basis that D.H. "ha[d] outstanding warrants and an extensive criminal record * * *."

**{¶4}** In two assignments of error, D.H. argues that the trial court erred by not holding a hearing on his motion and that the trial court did not comply with the requirements of R.C. 2953.52(B)(2). We address the assigned errors together.

**{¶5}** Initially, we note that D.H. states in his brief that "[t]he instant appeal is of [the court's] denial of his motion for expungement," however, both of his assignments of error reference a statute inapplicable to this case: R.C. 2953.52. That statute is relevant in three scenarios: (1) not guilty verdicts, (2) after dismissal of a criminal complaint, indictment, or information, and (3) no bills issued by a grand jury. *See* R.C. 2953.52(A)(1)-(2); *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980, ¶ 16. None of those scenarios are present here. Generally, this court holds a pro se litigant to the same standard as all other litigants, and presumes the pro se litigant to have knowledge of the relevant law and applicable procedure. *State v. Bolton*, 8th Dist. Cuyahoga No. 103628, 2016-Ohio-5706, ¶ 30.

**{¶6}** Applicable to this case is R.C. 2953.32, Ohio's statute for sealing the record of a conviction. The statute provides in relevant part, that "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction." R.C. 2953.32(A)(1).[1]

---

[1] In 1979, R.C. 2953.32 was amended, replacing the word "expungement" with the word "sealing." *See* Am.Sub.H.B. No. 105, 138 Ohio Laws, Part I, 1638; *but see State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 11 (explaining that "expungement" remains common colloquialism).

**{¶7}** This court reviews the denial of a R.C. 2953.32 motion to seal the record of a conviction for an abuse of discretion. *Bedford v. Bradberry*, 8th Dist. Cuyahoga No. 100285, 2014-Ohio-2058, ¶ 5. However, before a court decides whether to grant an application to seal an offender's record of conviction, the court must first determine whether the applicant is eligible under the statute to have his or her record sealed. *State v. J.M.*, 148 Ohio St.3d 113, 2016-Ohio-2803, 69 N.E.3d 642, ¶ 9.

**{¶8}** An "eligible offender" is defined as a person with "not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction." R.C. 2953.31(A); *J.M.* at ¶ 10. The determination of whether an applicant is an eligible offender is a question of law that we review de novo. *Bradberry* at ¶ 5.

**{¶9}** The record in this case shows that D.H. has a criminal history that makes him ineligible to have his record of conviction sealed. Prior to this case, D.H. had no fewer than nine misdemeanor convictions and six felony convictions. He also had two still-active bench warrants issued in 1999. Further, prior to filing the motion in this case, D.H. amassed at least two additional felonies and another misdemeanor. In light of his criminal history, D.H. was clearly ineligible to have the court consider his motion for the sealing of his record of conviction. *See* R.C. 2953.32(A); R.C. 2953.31(A). The trial court committed no error in denying his motion.

**{¶10}** Because D.H.'s ineligibility under R.C. 2953.32 is dispositive of this appeal, we overrule his assigned errors without addressing the merits of his claims or what impact, if any, the fact that his conviction was vacated would have on the analysis of his application to have the record of conviction sealed if he were eligible.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN T. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR