THE STATE OF OHIO, APPELLANT, *v.* CLEVENGER, APPELLEE.

[Cite as *State v. Clevenger,* 114 Ohio St.3d 258, 2007-Ohio-4006.]

(No. 2006–0324—Submitted February 13, 2007—Decided August 22, 2007.)

CUPP, J.

{¶ 1} In this appeal, we are asked to decide whether a trial court has the authority to suspend either imposition of or payment of court costs previously imposed on a criminal defendant. For the reasons that follow, we hold that a trial court may not suspend court costs previously imposed absent statutory authority. We further hold that a trial court may waive the payment of court costs only upon statutory authority and only if the defendant moves for waiver of costs at the time of sentencing.

### Facts and Procedural History

{¶ 2} In October 1999, Daniel Clevenger was convicted of and sentenced on a felony charge of breaking and entering. As part of the sentence, the trial court ordered him to pay court costs. At a July 2000 sentencing for a probation violation, the trial court once again ordered Clevenger to pay costs. He did not appeal either order. In 2004, Clevenger filed a motion to suspend payment of court costs and attached an affidavit attesting to his financial status. He also submitted documentation that he was attempting to obtain Social Security

benefits for a mental disability but that the outstanding court costs barred him from eligibility. Based on these factors, the trial court issued a judgment entry suspending the costs. The court of appeals reversed the judgment of the trial court and held that the trial court could not suspend the costs imposed. However, the court of appeals remanded the case and ordered the trial court to suspend *the payment* of the costs. The case is here upon our acceptance of the state's discretionary appeal.

## Analysis

{¶ 3} At issue in this appeal is whether a trial court has the authority to suspend either the imposition or the payment of court costs previously imposed on a criminal defendant. R.C. 2947.23 requires the imposition of court costs as a part of a criminal sentence.[1] This court has held that R.C. 2947.23 requires a trial court to assess costs against all criminal defendants, and to do so even if the defendant is indigent. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. Therefore, a defendant's financial status is irrelevant to the imposition of court costs. The question is whether those costs, once properly imposed, may subsequently be suspended or waived so as to avoid payment.

{¶ 4} The common pleas courts do not have power to suspend the execution of a sentence unless authorized by statute. *State v. Smith* (1989), 42 Ohio St.3d 60, 537 N.E.2d 198, paragraph one of the syllabus. Consequently, absent statutory authority, a trial court may not suspend the imposition of costs. Limited statutory authority exists for waiver of payment, as opposed to the suspension, of costs. R.C. 2949.092 permits a trial court to waive the payment of costs imposed if the trial court finds the defendant to be indigent.[2] *White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, at ¶ 14.

{¶ 5} In *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph two of the syllabus, this court held that a motion by an indigent criminal defendant to waive payment of costs must be made at the time of sentencing. The court stated: "If the defendant makes such a motion, then the

---

1. R.C. 2947.23(A)(1) states: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs."

2. R.C. 2949.092 states: "If a person is convicted of or pleads guilty to an offense and the court specifically is required, pursuant to section 2743.70, 2949.091, or 2949.093 of the Revised Code or pursuant to any other section of the Revised Code to impose a specified sum of money as costs in the case in addition to any other costs that the court is required or permitted by law to impose in the case, the court shall not waive the payment of the specified additional court costs that the section of the Revised Code specifically requires the court to impose unless the court determines that the offender is indigent and the court waives the payment of all court costs imposed upon the offender."

issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata." Id. at ¶ 23.

{¶ 6} In this case, the trial court's order was erroneous under *Smith* because the trial court suspended that portion of Clevenger's sentence imposing costs and lacked authority to do so. The court of appeals properly reversed the trial court's order in that regard, and we affirm that portion of the court of appeals' judgment. However, the court of appeals also ordered the trial court to waive *the payment* of the court costs, contrary to the holding in *Threatt*. Clevenger did not raise the issue of costs either at the initial sentencing hearing or at the subsequent hearing on the probation violation. The costs assessed against him, therefore, are res judicata. Id. at ¶ 23. Accordingly, that portion of the court of appeals' judgment is reversed.

{¶ 7} Our decision today does not mean, however, that a criminal defendant is without recourse when his indigence prevents him from paying costs. Although R.C. 2947.23(A)(1) requires that the costs be imposed regardless of a defendant's financial status, the statute also provides: "At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:

{¶ 8} "(a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

{¶ 9} "(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount."

{¶ 10} Thus, a trial court may properly order community service as a means of payment in accordance with R.C. 2947.23(A)(1)(a) and (b). Defendants who are not indigent at the time of sentencing, and therefore would have no reason to move for the waiver of payment then, have alternative means of satisfying the payment of court costs if they later become indigent. This alternative is apparently applicable here. The trial court, upon finding that Clevenger had failed to make payment of the costs imposed, could have considered ordering community service as an alternative to payment, and Clevenger is free to seek that option.

## Conclusion

{¶ 11} For the foregoing reasons, we hold that a trial court may not suspend court costs previously imposed absent statutory authority. We further hold that

a trial court may waive the payment of court costs only upon statutory authority and only if the defendant moves for waiver of costs at the time of sentencing. Accordingly, the judgment of the court of appeals is affirmed in part and reversed in part.

Judgment affirmed in part
and reversed in part.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, HILDEBRANDT, O'DONNELL and LANZINGER, JJ., concur.

LEE H. HILDEBRANDT JR., J., of the First Appellate District, was assigned to sit for O'CONNOR, J.

---

Dennis Watkins, Trumbull County Prosecuting Attorney, and LuWayne Annos and Diane L. Barber, Assistant Prosecuting Attorneys, for appellant.

Morganstern, MacAdams & DeVito Co., L.P.A., and Michael A. Partlow, for appellee.