[Cite as *State v. McHenry*, 2017-Ohio-7672.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MARK MCHENRY | : | Case No. 2017CA00119 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 2013-CR-0944

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               September 18, 2017

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney
By:  KRISTINE W. BEARD
Assistant Prosecuting Attorney
110 Central Plaza South, Suite 510
Canton, OH  44702-1413

For Defendant-Appellee

MARK MCHENRY, Pro Se
Belmont Correctional Institution,
Inmate No. A642-840
68518 Bannock Road
St. Clairsville, OH 43950

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Mark A. McHenry appeals the June 6, 2017 judgment entry denying his motion to terminate or suspend court costs, fines and fees. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   In June 2013, McHenry pled guilty to a bill of information which charged him with one count of rape in violation of R.C. 2907.02(A)(1), a felony of the first degree. The trial court sentenced McHenry to ten years incarceration and ordered him to serve the sentence consecutive to a previously imposed sentence in case number 2013CR0578 for an aggregate sentence of 20 years. The trial court further ordered McHenry to pay the costs of prosecution and a $25.00 non-refundable fee for the public defender's application. No fines or other financial sanctions were imposed. McHenry did not appeal or otherwise challenge his conviction or sentence.

{¶ 3}   On June 2, 2017, McHenry filed a Motion to Terminate and/or Suspend Court Costs and Prosecution Fees pursuant to R.C. 2947.23(C) and R.C. 2929.18. McHenry argued he makes $18.00 a month and the order to pay court costs posed a financial hardship which prevented him from saving for items such as gym shoes, a radio, or participating in the ODRC's electronic mail system. He moved the court to find him indigent with no present or future ability to pay the court costs.

{¶ 4}   On June 6, 2016 the trial court issued a judgment entry denying McHenry's motion. McHenry filed an appeal and the matter is now before this court for consideration. He presents one assignment of error:

{¶ 5} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED IT'S DISCRETION BY FAILING TO CONCLUDE THE APPELLANT'S PRESENT AND FUTURE ABILITY TO PAY FINES AND COURT COSTS."

{¶ 6} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 7} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 8} This appeal shall be considered in accordance with the aforementioned rules.

{¶ 9} McHenry argues that pursuant to R.C. 2929.19, the trial court erred in denying his motion to terminate court costs because it failed to determine his present or future ability to pay court costs. Because R.C. 2929.19 does not apply to court costs, we disagree.

{¶ 10} We review the denial of McHenry's motion to terminate court costs for an abuse of discretion. An abuse of discretion is more than an error of judgment. Rather, it implies that the trial court's decision was unreasonable, arbitrary or

unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11}     First, McHenry was originally sentenced in 2013 and the instant appeal is the result of his first challenge to the imposition of court costs. The matter is not barred, however, because R.C. 2947.23(C) provides that post-conviction, the trial court retains jurisdiction to address the waiver, suspension, or modification of the payment of the court costs. *State v. Nelson*, 8th Dist. Cuyahoga No. 104795, 2017-Ohio-6883 ¶ 89.

{¶ 12}     Next, the trial court must impose costs. R.C. 2947.23(A)(1)(a) states, "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. * * * *." Even if a defendant is indigent, a sentencing court must include the costs of prosecution in the sentence and render a judgment against the defendant for costs. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. "A defendant's financial status is irrelevant to the imposition of court costs." *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3.

{¶ 13}     McHenry argues pursuant to R.C. 2929.19, the trial court was required to inquire and consider his present and future ability to pay the court costs imposed. However, court costs are not financial sanctions. Financial sanctions under R.C. 2929.19 includes, for example, fines, restitution, and reimbursement for the costs of community control sanctions or monitoring devices. R.C. 2929.19 has no

application to the imposition of court costs. Rather, the imposition of court costs is governed by R.C. 2947.23 which requires the trial court to impose costs and further makes no requirement that the court make inquiry into the defendant's present or future ability to pay. *State v. Dawson*, 8th Dist. Cuyahoga No. 104509, 2017-Ohio-965, ¶ 42.The trial court was thus not required to consider McHenry's future or present ability to pay, as required by R.C. 2929.19 for the imposition of financial sanctions, before imposing court costs.

{¶ 14}     The sole assignment of error is overruled.


By Wise, Earle, J.

Delaney, J. and

Baldwin, J. concur.


EEW/sg 095