[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Braden,* Slip Opinion No. 2018-Ohio-5079.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5079

THE STATE OF OHIO, APPELLEE, *v.* BRADEN, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Braden,* Slip Opinion No. 2018-Ohio-5079.]

*Criminal law—Sentencing—R.C. 2947.23—R.C. 2947.23(C) does not authorize a trial court to waive, modify, or suspend payment of court costs imposed prior to March 22, 2013, the effective date of R.C. 2947.23(C)—For sentences entered prior to March 22, 2013, an offender may seek waiver of costs only at sentencing, trial court lacks jurisdiction to reconsider its own final order, and res judicata bars any subsequent collateral attack on that order in either trial or appellate court—Court of appeals' judgment affirming trial court's denial of motion for waiver of costs affirmed.*

(Nos. 2017-1579 and 2017-1609—Submitted July 31, 2018—Decided December 19, 2018.)

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County, No. 17AP-48, 2017-Ohio-7903.

_____

**KENNEDY, J.**

{¶ 1} In this discretionary appeal and certified-conflict case, we consider the meaning of R.C. 2947.23(C), which provides that "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." The Second and Eighth District Courts of Appeals have concluded that this statute authorizes trial courts to waive, suspend, or modify the payment of court costs imposed both before and after its effective date. *State v. Powell*, 2d Dist. Montgomery No. 24433, 2014-Ohio-3842, ¶ 20; *State v. Chase*, 2d Dist. Montgomery No. 26238, 2015-Ohio-545; *State v. Price*, 8th Dist. Cuyahoga No. 102987, 2015-Ohio-4592, ¶ 9-10; *State v. Bacote*, 8th Dist. Cuyahoga No. 102991, 2015-Ohio-5268. In contrast, the Tenth District Court of Appeals in this case held that R.C. 2947.23(C) permits trial courts to waive, modify, or suspend payment of only those court costs that were imposed after the statute's effective date. 2017-Ohio-7903, ¶ 8.

{¶ 2} We agreed to resolve this split of authority and to answer the following certified question: " 'Does a trial court have jurisdiction, pursuant to the current version of R.C. 2947.23(C), to waive, modify or suspend court costs for those cases in which the defendant's conviction and sentence became final prior to the enactment of * * * R.C. 2947.23(C)?' " 151 Ohio St.3d 1523, 2018-Ohio-557, 91 N.E.3d 756, quoting the court of appeals' November 2, 2017 entry.

{¶ 3} Before the enactment of R.C. 2947.23(C), a trial court lacked continuing jurisdiction to waive, suspend, or modify the payment of the costs of prosecution; the trial court could not *retain* jurisdiction that it had not yet been granted by this statute. We therefore answer the certified question in the negative and hold that R.C. 2947.23(C) does not authorize a trial court to waive, modify, or suspend the payment of court costs that were imposed prior to March 22, 2013, the effective date of R.C. 2947.23(C).

2

**{¶ 4}** Because the trial court in this case imposed court costs prior to the effective date of R.C. 2947.23(C), the Tenth District Court of Appeals correctly concluded that the statute does not apply. Accordingly, we affirm the appellate court's judgment.

### Facts and Procedural History

**{¶ 5}** In August 1998, appellant, David L. Braden, murdered his girlfriend and her father; a jury found him guilty of two counts of aggravated murder with death-penalty and firearm specifications, and it recommended a death sentence on each count. *State v. Braden*, 98 Ohio St.3d 354, 2003-Ohio-1325, 785 N.E.2d 439, ¶ 2-3, 33. At the sentencing hearing in May 1999, the trial court sentenced him to death on each count, three years in prison for the firearm specifications, $50,000 in fines, and court costs. *Id*. at ¶ 33. The sentencing entry did not mention costs, but the disposition sheet, which was signed by the judge and filed with the clerk, does.

**{¶ 6}** We affirmed Braden's convictions and sentence of death in 2003, *id*. at ¶ 163, and the United States Supreme Court denied certiorari, *Braden v. Ohio*, 540 U.S. 865, 124 S.Ct. 182, 157 L.Ed.2d 119 (2003). The Tenth District Court of Appeals affirmed the denial of postconviction relief, 10th Dist. Franklin No. 02AP-954, 2003-Ohio-2949, and the denial of a motion for a new trial, 10th Dist. Franklin No. 17AP-321, 2018-Ohio-1807; we declined review in both instances, 100 Ohio St.3d 1431, 2003-Ohio-5396, 797 N.E.2d 511; 153 Ohio St.3d 1463, 2018-Ohio-3258, 104 N.E.3d 792. Braden's litigation seeking a writ of habeas corpus remains pending in federal court. *Braden v. Jenkins*, S.D.Ohio No. 2:04-cv-842, 2018 WL 1474418 (Mar. 22, 2018); *see also In re Ohio Execution Protocol Litigation*, S.D.Ohio No. 2:11-cv-1016.

**{¶ 7}** In November 2016, Braden, asserting his indigence, moved for an order waiving all fines and court costs imposed in his case or, alternatively, either ordering the prison to maintain at least $400 in his prison account or establishing a payment plan. The trial court denied the motion.

**{¶ 8}** The court of appeals affirmed, holding that the doctrine of res judicata barred his postjudgment motion challenging the imposition of fines and court costs. 2017-Ohio-7903 at ¶ 7-8.  The appellate court explained that R.C. 2947.23(C) does not apply to judgments that were final prior to its effective date.  *Id*. at ¶ 8.  And here, it noted, Braden's convictions and sentence had become final long before the statute's effective date.  *Id*.  The court of appeals recognized that the sentencing entry failed to mention costs but determined that that failure did not affect the validity of the costs because the trial court had orally informed Braden at sentencing of his obligation to pay the costs and had included them in the disposition sheet. *Id*. at ¶ 9.  Finally, the appellate court concluded that Braden's challenge to the collection procedure used by the Department of Rehabilitation and Correction or the warden had to be brought in a separate civil action.  *Id*. at ¶ 10.

**{¶ 9}** This court accepted Braden's discretionary appeal to consider the following proposition of law: "A trial court has jurisdiction, pursuant to the current version of R.C. 2947.23(C), to waive, modify or suspend court costs for those cases in which the defendant's conviction and sentence became final prior to the enactment of R.C. 2947.23(C)."  *See* 151 Ohio St.3d 1526, 2018-Ohio-557, 91 N.E.3d 758.  We also recognized that the Tenth District Court of Appeals' judgment conflicts with decisions from the Second and Eighth District Courts of Appeals, and we agreed to answer the conflict question: " 'Does a trial court have jurisdiction, pursuant to the current version of R.C. 2947.23(C), to waive, modify or suspend court costs for those cases in which the defendant's conviction and sentence became final prior to the enactment of * * * R.C. 2947.23(C)?' "  151 Ohio St.3d 1523, 2018-Ohio-557, 91 N.E.3d 756, quoting the court of appeals' November 2, 2017 entry.

### Positions of the Parties

**{¶ 10}** Braden acknowledges that according to our caselaw, "absent statutory authority, the trial court could not suspend or waive payment of costs

when the issue was not raised at the time of sentencing." But he argues that R.C. 2947.23(C) now provides that statutory authority and claims that the plain language of the statute permits a trial court to waive or suspend the collection of court costs regardless of when they were imposed. Braden also relies on the statute's legislative history, arguing that the General Assembly abrogated our caselaw precluding trial courts from waiving or suspending court costs, and he asserts that effectuating the statute's remedial purpose requires trial courts to apply it to cases that were final prior to its effective date.

{¶ 11} Appellee, the state of Ohio, contends that the plain language of R.C. 2947.23(C) prevents trial courts from applying it to cases in which the judgment became final before the statute's effective date. It notes that prior to the enactment of the statute, the entry of a final judgment extinguished a trial court's jurisdiction to waive, suspend, or modify an offender's obligation to pay court costs, and it acknowledges that pursuant to R.C. 2947.23(C), a trial court now "retains," or keeps, jurisdiction to revisit an offender's obligation to pay court costs. According to the state, "Given the plain meaning of the word 'retains,' the statute cannot restore the trial court's jurisdiction to waive, suspend, or modify the defendant's obligation to pay court costs because a trial court cannot *retain* jurisdiction that it does not currently possess." (Emphasis sic.) It notes that legislative history is irrelevant to applying an unambiguous statute and that R.C. 2947.23(C) was not expressly made retroactive and therefore is presumed to apply prospectively only.

{¶ 12} Accordingly, the sole question presented for review is whether R.C. 2947.23(C) grants a trial court jurisdiction to waive, modify, or suspend the payment of court costs that were imposed prior to March 22, 2013, the effective date of the statute.

## Law and Analysis

{¶ 13} Beginning with "An Act for the Punishment of Crimes" enacted in 1824, the General Assembly has required trial courts in criminal cases to include

the costs of prosecution in the sentence and render a judgment for them against the defendant. R.C. 2947.23(A)(1)(a); G.C. 13451-18, Am.S.B. No. 8, 113 Ohio Laws 123, 201; 22 Ohio Laws 158, 165, Section 35. The "costs of prosecution," or "costs," are " 'the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action or prosecution, and which the statutes authorize to be taxed and included in the judgment or sentence.' " *Middleburg Hts. v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811, 900 N.E.2d 1005, ¶ 8, quoting *State ex rel. Franklin Cty. Commrs. v. Guilbert*, 77 Ohio St. 333, 338, 83 N.E. 80 (1907).

{¶ 14} R.C. 2947.23 "*requires* a court to assess costs against all convicted defendants," indigent and nonindigent. (Emphasis sic.) *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. "Therefore, a defendant's financial status is irrelevant to the imposition of court costs." *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3.

{¶ 15} The *collection* of costs is a separate matter. Although the clerk of courts is required by statute to attempt to collect court costs from a nonindigent felony offender, R.C. 2949.14, "[t]he General Assembly has neither explicitly prohibited nor explicitly required collection from indigent defendants." *White* at ¶ 14. In *White*, we inferred "from this silence that collection from indigent defendants is merely permissive. * * * [W]aiver of costs is permitted—but not required—if the defendant is indigent. It logically follows that a clerk of courts may attempt the collection of assessed court costs from an indigent defendant." *Id.*

{¶ 16} We have held that if an indigent criminal defendant fails to move for the waiver of costs at the time of sentencing, then "the issue is waived and costs are res judicata." *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 239; *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23. The failure to move for the waiver of costs at sentencing forfeits the claim, and plain-error review applies on direct appeal. *State v. Lang*, 129 Ohio St.3d 512,

6

2011-Ohio-4215, 954 N.E.2d 596, ¶ 305-306.  Thereafter, res judicata bars a collateral attack on that order in the trial or appellate court.  *Threatt* at ¶ 23.

**{¶ 17}** A sentence imposing costs is a final order.  *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 39.  With the exception of correcting a clerical error or a void sentence, a trial court lacks continuing jurisdiction to reconsider its own final orders.  *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 9; *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 20.  We have therefore recognized that absent statutory authority, a trial court may not suspend or waive the payment of court costs that were previously imposed at sentencing.  *Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, at paragraphs one and two of the syllabus.

**{¶ 18}** Accordingly, at the time of Braden's sentencing in 1999, the only opportunity he had to seek a waiver of costs was at sentencing; the trial court lacked jurisdiction to reconsider its final order, and any collateral attack on that order in either the trial or appellate court was barred by res judicata, s*ee State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 264-265; *Clinton* at ¶ 239.

**{¶ 19}** Effective March 23, 2013, the General Assembly enacted R.C. 2947.23(C), which states, "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." 2012 Sub.H.B. No. 247.

**{¶ 20}** Whether R.C. 2947.23(C) applies to offenders who had court costs imposed in their sentence prior to the statute's effective date presents a question of statutory interpretation.  This court's duty in construing a statute is to determine and give effect to the intent of the General Assembly as expressed in the language it enacted.  *State v. J.M.*, 148 Ohio St.3d 113, 2016-Ohio-2803, 69 N.E.3d 642, ¶ 7.  R.C. 1.42 guides our analysis, providing that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common

usage." If the language of a statute is plain and unambiguous and conveys a clear and definite meaning, then there is no need for this court to resort to the rules of statutory interpretation; rather, we apply the statute as written. *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, ¶ 12.

{¶ 21} The operative word in R.C. 2947.23(C) is "retains." The word "retain" means "to hold or continue to hold in possession or use: continue to have, use, recognize, or accept: maintain in one's keeping." *Webster's Third New International Dictionary* 1938 (2002). Accordingly, the statute provides that the trial court continues to have jurisdiction to waive, suspend, or modify the payment of court costs at any time. However, prior to March 23, 2013, trial courts lacked jurisdiction to reconsider the payment of costs after sentencing and entry of a final order. *See Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, at paragraphs one and two of the syllabus; *Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, at ¶ 23; *Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, at ¶ 9. Simply put, a trial court cannot "retain" jurisdiction that it has relinquished.

{¶ 22} Further, R.C. 1.48 states that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." But here, R.C. 2947.23(C) is not expressly retroactive. The legislature used the present tense of the word "retain" in drafting this statue, and " '[a] statute, employing operative language in the present tense, does not purport to cover past events of a similar nature,' " *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, ¶ 22, quoting *Smith v. Ohio Valley Ins. Co.*, 27 Ohio St.2d 268, 276, 272 N.E.2d 131 (1971). Without express retroactivity language, we must presume that the General Assembly did not intend to retroactively vest trial courts with jurisdiction that they previously lacked. *See State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, paragraph one of the syllabus ("A statute must clearly

proclaim its own retroactivity to overcome the presumption of prospective application. Retroactivity is not to be inferred").

{¶ 23} The trial court in Braden's case therefore had no jurisdiction that it could retain over the order to pay court costs, and pursuant to its plain language, R.C. 2947.23(C) did not authorize the court to waive, suspend, or modify the payment of the costs of prosecution that it previously imposed at Braden's sentencing.

## Conclusion

{¶ 24} R.C. 2947.23(C) provides that for sentences entered on or after March 23, 2013, the trial court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution at any time. For sentences entered prior to that date, however, an offender may seek a waiver of costs only at sentencing, the trial court lacks jurisdiction to reconsider its own final order, and any subsequent collateral attack on that order in either the trial or appellate court is barred by res judicata.

{¶ 25} Here, the trial court ordered Braden to pay court costs at the sentencing hearing in 1999, and he failed to move for a waiver. Res judicata therefore precluded the motion he filed to waive the payment of all fines and costs. For this reason, the court of appeals correctly affirmed the trial court's denial of Braden's motion.

{¶ 26} However, we note that the sentencing entry contains a clerical error. Although the trial court ordered Braden to pay court costs at the sentencing hearing, it did not include the order to pay costs in the sentencing entry. This clerical error may be corrected by nunc pro tunc entry to reflect what the court actually decided, because "[i]t is well settled that courts possess the authority to correct errors in judgment entries so that the record speaks the truth." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18. A nunc pro tunc judgment entry

issued to correct a clerical omission in a final judgment is not a new final order and no new right to appeal is created. *Id*. at ¶ 20.

{¶ 27} Accordingly, we answer the certified question in the negative and affirm the judgment of the Tenth District Court of Appeals.

Judgment affirmed.

POWELL, FISCHER, DEWINE, and DEGENARO, JJ., concur.

FRENCH, J., dissents, with an opinion joined by O'CONNOR, C.J.

MICHAEL E. POWELL, J., of the Twelfth District Court of Appeals, sitting for O'DONNELL, J.

_____

**FRENCH, J., dissenting.**

{¶ 28} Respectfully, I dissent.

{¶ 29} In my view, neither R.C. 2947.23(C) nor this court's precedent precludes trial courts from waiving, suspending or modifying court costs imposed before that provision's effective date. I would answer the certified-conflict question in the affirmative and reverse the judgment of the Tenth District Court of Appeals.

*Under R.C. 2947.23(C)'s plain language and our precedent, trial courts retain jurisdiction to waive, suspend or modify court costs for offenders whose convictions were final before the statute's effective date*

{¶ 30} As the majority notes, in construing a statute, this court's duty is to give effect to the General Assembly's intent as expressed in the language it enacted. *State v. J.M.*, 148 Ohio St.3d 113, 2016-Ohio-2803, 69 N.E.3d 642, ¶ 7. "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." R.C. 1.42. When statutory language is unambiguous, we need not resort to rules of statutory interpretation—we simply apply the language. *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus.

**{¶ 31}** R.C. 2947.23(C) says that a sentencing court "retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter."

**{¶ 32}** The majority relies heavily on the General Assembly's use of the word "retains." According to the majority, "a trial court cannot 'retain' jurisdiction that it has relinquished" because " 'retain' means 'to hold or continue to hold in possession or use: continue to have, use, recognize, or accept: maintain in one's keeping.' " Majority opinion at ¶ 21, quoting *Webster's Third New International Dictionary* 1938 (2002). Fair enough, but that definition does not compel the majority's conclusion in this case.

**{¶ 33}** This court's recent court-costs precedent supports the conclusion that the trial court retained jurisdiction to waive, suspend or modify appellant David Braden's payment of costs. In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, we acknowledged that "[d]espite the fact that former R.C. 2947.23 (like current R.C. 2947.23(A)) requires a judge to assess costs against all convicted criminal defendants, this court has held that 'waiver of costs is permitted—but not required—if the defendant is indigent,' " *id.* at ¶ 11, quoting *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14. "That is, despite the mandatory language of former R.C. 2947.23 requiring the imposition of court costs, a trial court may waive the *payment* of costs." (Emphasis sic.) *Joseph* at ¶ 11, citing *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 4. We further explained that an indigent defendant must request waiver of court costs at the time of sentencing. *Joseph* at ¶ 12, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph two of the syllabus.

**{¶ 34}** In *Threatt*, this court held that if the defendant moves for waiver, " 'then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata.' "

*Joseph* at ¶ 12, quoting *Threatt* at ¶ 23. And in *Clevenger*, this court reiterated that a defendant must request waiver at sentencing to prevent res judicata from applying. *Clevenger* at ¶ 5.

{¶ 35} These opinions show that the trial court had jurisdiction to waive Braden's court costs at his 1999 sentencing hearing. *All* of the cases were announced before R.C. 2947.23(C)'s enactment, and *all* of them acknowledge that a trial court could waive the payment of court costs at sentencing. Because a trial court had jurisdiction to waive the costs at sentencing, R.C. 2947.23(C) merely says that the trial court retained that authority after the statute's enactment.

{¶ 36} This court's pronouncements that defendants must request waiver of court costs at the time of sentencing lest res judicata will apply do not change the result for Braden. The trial court had the authority to waive Braden's payment of court costs at his 1999 sentencing hearing. That Braden did not request waiver at that point does not change what the trial court was permitted to do. R.C. 2947.23(C) specifically says that the trial court "retains jurisdiction" to waive court costs "at the time of sentencing or at any time thereafter." To that end, the statute specifically provides an exception to res judicata when a defendant did not request waiver at sentencing or pursue the issue on direct appeal.

### *R.C. 2947.23(C) does not require retroactive application for it to apply to offenders whose convictions were final before its enactment*

{¶ 37} The majority concludes that R.C. 2947.23(C) is not expressly retroactive and that "[w]ithout express retroactivity language, we must presume that the General Assembly did not intend to retroactively vest trial courts with jurisdiction that they previously lacked." Majority opinion at ¶ 22. As I have already noted, the trial court had jurisdiction to waive court costs at the time of sentencing. In any event, a retroactivity analysis is unnecessary here.

{¶ 38} I agree with the majority that we must presume that a statute is prospective unless the General Assembly expressly made it retroactive. *See* R.C.

1.48. But a statute is not retroactive just because " 'it draws on antecedent facts for a criterion in its operation.' " *Schoenrade v. Tracy*, 74 Ohio St.3d 200, 204, 658 N.E.2d 247 (1996), quoting *United Eng. & Foundry Co. v. Bowers*, 171 Ohio St. 279, 282, 169 N.E.2d 697 (1961). Here, the "antecedent fact" is that the trial court imposed court costs at sentencing and some remained unpaid. R.C. 2947.23(C) does not compel or even allow a trial court to order reimbursement of court costs already paid. It merely gives the trial court continuing jurisdiction to waive, suspend or modify, in its discretion, the payment of costs if costs remain.

### *The majority's holding is inconsistent with a prior holding of this court*

{¶ 39} In *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, we considered former R.C. 2929.19(B)(2)(g)(iii),[1] which contains language very similar to R.C. 2947.23(C). Former R.C. 2929.19(B)(2)(g)(iii) stated:

> The *sentencing court retains continuing jurisdiction* to correct any error not previously raised at sentencing in making a determination under division (B)(2)(h)(i) of this section. The offender may, *at any time after sentencing*, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(h)(i) of this section, and the court may in its discretion grant or deny that motion.

(Emphasis added.)

{¶ 40} The proposition of law we considered in *Thompson* involved whether a trial court's order denying a postconviction motion for jail-time credit is a final, appealable order. *Thompson* at ¶ 3. The court of appeals had held that the

---

1. R.C. 2929.19 was amended as of October 29, 2018. The relevant language from former R.C. 2929.19(B)(2)(g)(iii) is now contained in R.C. 2929.19(B)(2)(f)(iii). 2018 Am.Sub.S.B. No. 66.

trial court's order was not appealable. Our primary holding was that the order is appealable because it is a final order that affects a substantial right in a special proceeding. *Id.* at ¶ 13. But inherent in our decision was that Thompson's conviction became final in 2011—before the General Assembly enacted R.C. 2929.19(B)(2)(g)(iii) in 2012. *Id.* at ¶ 1.

**{¶ 41}** In *Thompson*, the state argued that because Thompson was sentenced in 2011, he could not benefit from a new statute that the General Assembly did not intend to apply retroactively. We effectively rejected that argument when we held that Thompson could avail himself of the new law:

> Pursuant to R.C. 2929.19(B)(2)(g)(iii), an offender can file a motion to correct an error in determining jail-time credit "at any time after sentencing" and the sentencing court has authority to correct any error in determining jail-time credit that was "not previously raised at sentencing." Given that this statute was enacted in 2012 and that it created a right that was not otherwise available to an offender who lacked the right to appeal, we conclude that the trial court's determination of a motion filed under R.C. 2929.19(B)(2)(g)(iii) constitutes a special proceeding.

*Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, at ¶ 12.

**{¶ 42}** Although there are subtle differences between the statutory language considered here and that in *Thompson*, the relevant language conveying jurisdiction is substantially the same. The statute at issue in *Thompson*, former R.C. 2929.19(B)(2)(g)(iii), specifically provided that at any time after sentencing, the offender may file a motion to correct his jail-time credit and the trial court had continuing jurisdiction to consider it. The statute at issue here, R.C. 2947.23(C),

provides that a sentencing court retains jurisdiction to waive court costs at the time of sentencing or at any time thereafter.

{¶ 43} I am not convinced that there are material differences between R.C. 2947.23(C) and former R.C. 2929.19(B)(2)(g)(iii) regarding the trial court's continuing jurisdiction to act. In *Thompson*, we allowed the proceedings to go forward, and we should do the same here.

### *Conclusion*

{¶ 44} For all these reasons, I respectfully dissent. I would answer the certified-conflict question in the affirmative and reverse the judgment of the Tenth District Court of Appeals.

O'CONNOR, C.J., concur in the foregoing opinion.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Kathryn L. Sandford, Assistant Public Defender; and Steven M. Brown, for appellant.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Ohio Prosecuting Attorneys Association.

Organ Cole, L.L.P., Erik J. Clark, and Carrie M. Lymanstall, urging reversal for amicus curiae Ohio Community Corrections Association.

Yeura Venters, Franklin County Public Defender, and Timothy E. Pierce, Assistant Public Defender, urging reversal for amicus curiae Franklin County Public Defender.

Elizabeth Bonham, Caitlin Hill, Freda J. Levenson, and R. Orion Danjuma, urging reversal for amici curiae American Civil Liberties Union of Ohio and American Civil Liberties Union Foundation.

_____